Filed 3/3/23  P. v. Eldridge CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095340 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF00627, 20CF05186, 21CF00326 & 21CF02777) |
| v. | |
| DANIEL MIRLE ELDRIDGE, JR., | |
| Defendant and Appellant. | |

Defendant Daniel Mirle Eldridge, Jr., entered a global plea agreement resolving four criminal cases and acknowledging that the matter of probation and sentencing would be left to the trial court's sole discretion with a potential maximum sentence of eight years and four months.  After finding several aggravating factors outweighed a single factor in mitigation, the trial court exercised its discretion to impose the maximum term, including the upper term of four years on the principal count.

1

The parties agree, as do we, that the trial court's selection of the upper term does not comply with the sentencing requirements in Penal Code[1] section 1170, subdivision (b), as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567). Because the new legislation applies retroactively to defendant's case, we shall reverse and remand for full resentencing so the trial court can exercise its discretion in light of the statutory changes. Based on our disposition, we need not and do not address defendant's additional arguments that the trial court erred when it denied probation, imposed fees and fines without an ability to pay hearing, and imposed an allegedly improper condition of mandatory supervision regarding gangs.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2020, defendant was pulled over during a routine traffic stop, and officers discovered a large quantity of narcotics inside the car he was driving. Defendant was charged in Butte County case No. 20CF00627 (00627) with eight drug offenses, including three counts of possession for sale of a controlled substance (Health & Saf. Code, § 11351; count 1 [heroin], count 5 [methadone], count 7 [suboxone]). Defendant was released on bail and later failed to appear for his arraignment on the information.

In October 2020, while out on bail, defendant was pulled over while driving a car that had been reported stolen. Marijuana and drug paraphernalia were found in the car. Defendant was charged in Butte County case No. 20CF05186 (05186) with driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a); count 1) with three prior convictions (§ 666.5), which he allegedly committed while released on bail in case No. 00627 (§ 12022.1). Two other drug charges were also alleged. The following month he was released on bail but failed to appear as ordered.

---

[1] Further undesignated statutory references are to the Penal Code.

In January 2021, defendant was charged in Butte County case No. 21CF00326 (00326) with failure to appear while on bail (§ 1320.5; count 1) and with a special allegation that he committed the felony offense while he was released from custody on bail in cases Nos. 00627 and 05186 (§ 12022.1).

After being returned to custody, defendant admitted in May 2021 that he had narcotics on his person, and correctional officers retrieved a bag of methamphetamine from his pocket. Defendant was charged in Butte County case No. 21CF02777 (02777) with possession of a controlled substance or paraphernalia in a custodial facility (§ 4573.6, subd. (a); count 1).

In September 2021, defendant agreed to a global plea deal regarding all four cases with a maximum lid of eight years and four months, and sentencing discretion left to the court. Under the terms of the plea agreement, defendant pleaded guilty to all three possession offenses (counts 1, 5 & 7) in case No. 00627, the vehicle theft offense (count 1) in case No. 05186, the felony failure to appear offense (count 1) in case No. 00326, and the possession of a controlled substance in a jail facility offense (count 1) in case No. 02777. All remaining charges and enhancements were dismissed with a *Harvey* waiver.[2] The parties stipulated to the probation report as the factual basis for defendant's pleas.

A presentence probation report recommended the upper term on the principal count with a portion of defendant's sentence served on mandatory supervision. The report summarized defendant's criminal history, including four prior felony convictions and nine prior misdemeanor convictions. The report found three factors in aggravation — that defendant's prior convictions were numerous, that he had served a prior prison

---

[2] A fifth misdemeanor matter (Butte County case No. 19CM07193) was also dismissed with a *People v. Harvey* (1979) 25 Cal.3d 754 waiver given defendant's global plea in the four felony cases.

3

term, and that his performance on probation was unsatisfactory. It found no circumstances in mitigation.

At the October 2021 sentencing hearing, the trial court followed probation's recommendation and imposed a four-year upper term on count 1 in case No. 00627, which it deemed the principal count. In selecting the upper term, the court found that several aggravating factors outweighed any factors in mitigation. The court found a single mitigating factor (that defendant pled at an early stage), and four aggravating factors — that the crime involved a large quantity of narcotics, defendant's prior convictions as an adult were numerous, he had served a prior prison term, and his prior performance on probation and mandatory supervision was unsatisfactory.

The trial court imposed consecutive one-third of the midterm sentences for each of defendant's remaining convictions.[3] Defendant's total aggregate sentence was eight years and four months in county prison with the concluding 1,538 days suspended and to be served as a period of mandatory supervision with various terms and conditions.

The trial court awarded various fees and fines and presentence credits. Defendant timely appealed with a certificate of probable cause.

DISCUSSION

At the time defendant was sentenced in October 2021, section 1170 provided that when a judgment of imprisonment is to be imposed and the statute authorizes three potential terms, "the choice of the appropriate term shall rest within the sound discretion of the court." (§ 1170, former subd. (b).)

While this appeal was pending, effective January 1, 2022, Senate Bill 567 changed the requirements for proving aggravating circumstances and altered sentencing discretion

---

[3] The court imposed a consecutive one-year term each for counts 5 and 7 in case No. 00627 and count 1 in case No. 02777. The court imposed consecutive terms of eight months each for the counts in case Nos. 05186 and 00326.

4

under section 1170. (Stats. 2021, ch. 731, § 1.3.) Among other things, Senate Bill 567 amended section 1170 to generally provide for midterm sentences and prohibit upper term sentencing unless the factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or established by a certified record of conviction. (§ 1170, subds. (b)(1)-(3).) In selecting an appropriate term, the court must set forth on the record the facts and reasons for choosing the sentence imposed. (§ 1170, subds. (b)(5), (c).)

We agree with the parties that Senate Bill 567 applies retroactively to this case. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902; *In re Estrada* (1965) 63 Cal.2d 740, 744.) The parties further agree that none of the aggravating factors the trial court cited in imposing the upper term on count 1 in case No. 00627 were either stipulated to by defendant or found true beyond a reasonable doubt by a trier of fact. Nor were any certified records of defendant's prior convictions introduced.

The People concede they cannot in good faith show the failure to comport with the newly revised sentencing scheme was harmless "[g]iven the nebulous nature of the aggravating factors the trial court cited in imposing the upper term." We accept the People's concession.

To find the state law error harmless, a reviewing court must consider, for each aggravating factor, "whether it is reasonably probable that the [fact finder] would have found the fact not true. We must then, with the aggravating facts that survive this review, consider whether it is reasonably probable that the trial court would have chosen a lesser sentence had it considered only these aggravating factors." (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1112.) "[T]o the extent a potential aggravating circumstance at issue . . . rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*People v. Sandoval* (2007) 41 Cal.4th 825, 840.)

5

Here, at least two of the four factors in aggravation the trial court relied on are relatively subjective and not capable of precise determination.  Whether the quantity of narcotics was "large" or whether defendant's convictions were "numerous" relative to other offenses or offenders rested on a somewhat "vague or subjective standard," (*People v. Sandoval, supra*, 41 Cal.4th at p. 840) making it difficult to conclude with confidence that a fact finder would have found the factors true if the proof requirements of amended section 1170 had been applied at sentencing.  And given the absence of any certified records concerning defendant's criminal history, we will not presume evidence exists to show defendant served a prior prison term or that his performance on probation or mandatory supervision was unsatisfactory.  (*People v. Zabelle, supra*, 80 Cal.App.5th at p. 1115, fn. 6 ["If the record is insufficient to support a trial court's findings about a defendant's criminal history, we will not presume the existence of extra-record materials, however likely they are to exist, to address this insufficiency."].)  Because the trial court also found a factor in mitigation — that defendant pled at an early stage, we are unable to conclude the trial court would have chosen the upper term had it had the benefit of amended section 1170's provisions.  The error, then, is not harmless on this record.

In light of our conclusion, we will remand for a full resentencing.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Walker* (2021) 67 Cal.App.5th 198, 206 [trial court has a duty to ensure all components of a defendant's sentence are authorized by the law and the facts at the time any new sentence is imposed].)  We do not reach defendant's remaining contentions on appeal, which he may raise at resentencing.

DISPOSITION

Defendant's sentence is reversed, and the matter is remanded to the trial court for full resentencing, including — but not limited to — the exercise of discretion pursuant to Senate Bill 567 and any other applicable changes in the law.

＿＿＿＿＿\s\＿＿＿＿＿＿＿＿＿,
McADAM, J.*

We concur:

＿＿＿＿\s\＿＿＿＿＿,
DUARTE, Acting P. J.

＿＿＿＿\s\＿＿＿＿＿,
KRAUSE, J.

---

*       Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.